UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-514-3 (DLF) |
| : | |
| RASHAAD ROBINSON, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this sentencing memorandum to assist the Court's consideration of sentencing in this case. Following the defendant's plea of guilty to Counts One and Two in the superseding Information (ECF No. 27), the defendant faces a guideline sentencing range of: (i) for Count One, 51 months to 63 months of imprisonment as determined by the Parties, and 70 months to 87 months of imprisonment as determined by United States Probation; and (ii) for Count Two, 10 months to 28 months of imprisonment as determined by the Parties and Probation. For the reasons set forth below, the Government respectfully recommends that the Court impose a sentence of 57 months of imprisonment for Count One and 19 months of imprisonment for Count Two, which the Government does not oppose to run concurrently. The Government recommends that the Court impose a three-year term of supervised release. In addition, the Government is requesting that the defendant be ordered to pay $500 in restitution, pursuant to the plea agreement.

**PROCEDURAL HISTORY**

On August 10, 2021, a two-count Indictment was returned charging defendant Rashaad Robinson for violations of (1) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951, and (2) Using, Carrying, Brandishing, and Possessing a Firearm During and in

1

Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 10.) Robinson was arrested on August 16, 2021. (ECF No. 12.) On September 8, 2021, a detention hearing was held, pursuant to which Robinson was ordered detained pending trial. (September 8, 2021 Minute Entry; ECF No. 19.)

On May 26, 2022, pursuant to a plea agreement, Robinson pleaded guilty to a two-count superseding Information for violations of (1) Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and (2) Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504A(a)(a). (May 26, 2022 Minute Entry; ECF No. 27.) The defendant remains in custody.

## ANALYSIS

### I.  The Offense Conduct

As summarized in the Statement of Offense in Support of Guilty Plea and Presentence Investigation Report (¶¶ 14-34), the plea was based on the following facts:

On June 26, 2021, prior to the incident, co-defendants Reginald Cooper, Daniel Augburn, and Rashaad Robinson (collectively, the "Defendants") arranged to visit the D.C. Exotica Store, located at 734 7th Street SE, Washington, D.C., to purchase marijuana and marijuana products. Approximately several hours later, the Defendants arrived and parked on the 700 block of 7th Street SE, Washington, D.C., where the D.C. Exotica store was located, in Robinson's vehicle, a 2015 black Dodge Charger four-door sedan bearing Virginia License Plate No. UDF 6957 (the "Charger"). At the time of the offense on June 26, 2021, the Charger was painted black in color and had two red diagonal racing stripes on the front driver's side fender.

The Defendants attempted to enter 734 7th Street SE, where the D.C. Exotica store was located, but initially were unable to open the door. The Defendants returned to Robinson's vehicle. Approximately 30 minutes later, the Defendants returned to the building and stood outside the

entrance to 734 7th Street SE waiting to be let inside. Cooper spoke with Complainant-1 ("C-1"), after which C-1 let the Defendants into the building and the D.C. Exotica store, located in Unit #2 on the second floor. Once inside the store, the Defendants spent approximately 15 minutes browsing marijuana products and marijuana in the store.

At approximately 7:23 p.m., while C-1 was located behind a store counter inside Unit #2, Cooper removed a firearm from his front waistband and held it below the counter, out of C-1's sight, for approximately 80 seconds. Robinson and Augburn stood next to Cooper while this occurred. Cooper then pointed his firearm at C-1, at which point Robinson reached into his front waistband, pulled out another firearm, and pointed his firearm at C-1. Cooper continued to hold C-1 at gunpoint, during which time Robinson and Augburn quickly gathered marijuana products and other items from inside store and placed the stolen items into bags. Cooper took a bag from C-1's person. The Defendants then exited the building, returned to the Charger, and fled the scene. Altogether, the Defendants stole approximately $1,000 in U.S. currency, approximately $1,000 of marijuana and marijuana products, a firearm, C-1's cellphone, and other items.

During the robbery, Robinson wore a black T-shirt, grey sweatpants, and a white cap; Cooper wore a white T-shirt and black shorts; Augburn wore a black T-shirt and dark blue sweatpants.

The firearms that Cooper and Robinson possessed and brandished at C-1 during this robbery were originally designed to be fired by the use of a single hand and had a barrel length of less than 12 inches.

## II.     Generally Applicable Legal Principles

Though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing."

543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated."). Moreover, the Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

To calculate a Guidelines sentence, a district court must first select the applicable offense guideline and then select the base offense level within that applicable offense guideline. *United States v. Flores*, 912 F.3d 613, 616 (D.C. Cir. 2019). As the D.C. Circuit has long held, this inquiry must include an evaluation of all relevant conduct that could affect the Guidelines calculation.

> In the post-*Booker* world, the court must calculate and consider the applicable Guidelines range but is not bound by it. Under the Guidelines, "the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Witte v. United States*, 515 U.S. 389, 393 (1995) (citing U.S.S.G. § 1B1.3). Section 1B1.3 details the conduct the sentencing court may consider in determining the applicable Guidelines range and the commentary to that section states, "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, Commentary, Background.

### III. Defendant's Sentencing Guidelines Calculation

#### A. Defendant's Criminal History Category

The Government concurs with United States Probation's assessment of Robinson's criminal history scores, as set forth in the Presentence Investigation Report. PSR ¶¶ 57-68. Robinson's federal criminal history score is two, which translates to a Criminal History Category

4

of II. Robinson's D.C. Criminal History score is 1 point, which translates to a Criminal History Score of B.

B.   **Total Offense Level**

As set forth in the Plea Agreement (ECF No. 28), the Government respectfully submits that the applicable Sentencing Guidelines for the offenses of conviction are as follows:

Count One:  Violation of 18 U.S.C. § 1951(a)

| | | |
|---|---|---|
| U.S.S.G. § 2B3.1(a) | Base Offense Level | 20 |
| U.S.S.G. § 2B3.1(b)(2)(C) | Specific Offense Characteristic Firearm Brandished | +5 |
| U.S.S.G. § 2B3.1(b)(6) | Specific Offense Characteristic Controlled Substance Taken / Object of Offense | +1 |
| U.S.S.G. § 3E1.1(a) & (b) | Acceptance of Responsibility | -3 |
| | **Total** | **23** |

Count Two:  Violation of 22 D.C. Code § 4504(a)(1)

Offense Severity Group                                                                                           M8

This offense level computation accounts for (i) the defendant's participation in the armed robbery (PSR ¶ 44), and (ii) the fact a controlled substance (marijuana) was both an object of the robbery and taken by the defendant during the robbery (PSR ¶ 46). In addition, this offense level computation accounts for the defendant and his co-defendant brandishing firearms during the robbery.

As a result, this offense level computation applies a five-point enhancement for brandishing or possessing a firearm during the offense pursuant to U.S.S.G. § 2B3.1(b)(2)(C), rather than the six-point enhancement applied in the PSR (¶¶ 45, 120) pursuant to U.S.S.G. § 2B3.1(b)(2)(B). For the purpose of these specific offense characteristics, "brandished" a firearm is defined as "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly

5

visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present." U.S.S.G. § 1B1.1, Application Note 1(C); *cf. United States v. Paine*, 407 F.3d 958, 964 (8th Cir. 2005) (applying the six-point enhancement were the defendant "did more than display the gun [and] employed the gun to convey a threat. [The defendant] employed the gun to convey a threat directed at this specific [victim] which was intended to intimidate [the victim] into complying with [defendant's] demands."). By comparison, "otherwise used" a firearm is defined as "the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." *Id.*, Application Note 1(J); *see United States v. Orr*, 312 F.3d 141, 145 (3d Cir. 2002) ("[P]ointing a gun at the head of the [victim] and ordering her to empty money into a garbage bag was a 'specific threat' directed at her and was precisely the type of conduct which satisfies the 'otherwise used' requirement."); *United States v. Dunigan*, 555 F.3d 501, 505–06 (5th Cir. 2009) ("[T]he threat to the victim must be specific rather than general. . . . Displaying a weapon without pointing or targeting should be classified as 'brandished,' but pointing the weapon at any individual or group of individuals in a specific manner should be 'otherwise used.'") The Defendants' conduct during the robbery, as captured on surveillance video, revealed the Defendants' awareness that the intended robbery was to involve firearms. Although Robinson did draw a firearm and point it in C-1's direction during the robbery, Robinson did so for comparatively brief periods at the beginning of the robbery and then again during his flight. *See* Exhibit A (Surveillance Video Clip); Exhibit B (Surveillance Video Clip). As a result, the Government respectfully submits that the five-point enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C) is appropriate in this case.

This offense level computation also does not apply the two-point enhancement applied by Probation pursuant to U.S.S.G. § 3C1.1 (PSR ¶¶ 40, 49, 120). As set forth in the PSR and

acknowledged by the defendant in the Statement of Offense, the Government's investigation revealed that the Defendants used Robinson's vehicle to travel to the robbery, and that at the time of the robbery on June 26, 2021, Robinson's vehicle was painted black in color and had two red diagonal racing stripes on the front driver's side fender (PSR ¶ 31; Statement of Offense ¶ 2). At the time of Robinson's arrest on August 13, 2021, the red hash marks were no longer visible on the front driver's side fender of Robinson's vehicle (PSR ¶ 34). The Government conducted additional investigation regarding the appearance of the defendant's vehicle; however, the investigation did not reveal additional information regarding the change in the vehicle's appearance between the robbery and Robinson's arrest, or regarding any actual or attempted conduct by Robinson regarding the same.

Lastly, the Government concurs with Probation's application of a 3-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a) and (b) for the defendant's acceptance of responsibility in this case, which Probation found applicable here despite the obstruction enhancement (PSR ¶¶ 41-42, 52-53).

Therefore, for Count One, the applicable Guidelines range for Offense Level 23 and Criminal History Category II is 51 months to 63 months of imprisonment. For Count Two, the applicable D.C. Voluntary Sentencing Guidelines range for offense Group M8 and a criminal history score of 1 point is 10 months to 28 months of imprisonment.

## IV.    Sentencing Recommendation

As stated above, the Government respectfully submits that the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a) support a sentence at the middle of the Guidelines range – 57 months of imprisonment for Count One and 19 months of imprisonment for Count Two, which the Government does not oppose to run concurrently. The Government further recommends that

the Court impose a three-year term of supervised release. In addition, the Government is requesting that the defendant be ordered to pay $500 in restitution, pursuant to the plea agreement.

### A. The Nature of the Offense

The defendant's conduct in this case presents a serous danger with respect to the safety of the community and does not warrant a variance below the low end of the Guidelines range. *See* 18 U.S.C. § 3553(a)(1). On June 26, 2021, Robinson, acting in concert with co-defendants Cooper and Augburn, robbed the victim (C-1) at gunpoint of marijuana, money, a firearm, and personal property. After co-defendant Cooper initiated the armed robbery and pointed a firearm at C-1, Robinson then pulled his own firearm, pointed it at C-1 and in C-1's direction during various times during the robbery, and quickly gathered marijuana and other proceeds of the robbery. *See* Exhibit A; Exhibit B. The co-defendants used Robinson's vehicle to travel to, and flee from, the robbery location. Fortunately, no serious injuries resulted from this incident.

### B. The History and Characteristics of the Defendant

The defendant is before this Court for sentencing in Criminal History Category II, resulting from scorable prior convictions for Petit Larceny and Embezzlement <$200. This case is the defendant's first criminal conviction for a firearm offense. This case represents a significant escalation of the defendant's criminal conduct – to wit, participating in a coordinated armed robbery with multiple subjects, at least two of whom were armed (including the defendant). It is also concerning that the defendant not only possessed, but also brandished, a firearm during the commission of this offense.

### C. The Need for the Sentence Imposed

The recommended sentence is appropriate in order to reflect the seriousness of the offense, to promote respect for the law and prohibitions on such conduct, and to provide just punishment

for Robinson's offenses. *See* 18 U.S.C. § 3553(a)(2)(A). The recommended sentence would also serve to protect the public from additional crimes by Robinson while he is punished and rehabilitated, as well as serve to provide adequate deterrence from Robinson committing other offenses going forward. *See id.* § 3553(a)(2)(B)-(C).

The Government also recommends that Robinson be sentenced to three years of supervised release following his release from the term of imprisonment in this case. The Government believes that a term of supervised release after Robinson's imprisonment would provide necessary support, supervision, and opportunity for his reentry and rehabilitation. The Government also supports Probation's recommendation for substance abuse treatment programs, as appropriate, while Robinson is incarcerated and as conditions of supervised release.

## V. The Government's Sentencing Recommendation

For the reasons described above, the Government respectfully recommends that the Court impose a sentence of 57 months of imprisonment for Count One and 19 months of imprisonment for Count Two, which the Government does not oppose to run concurrently, to be followed by three years of supervised release. A significant period of imprisonment is necessary to protect the community from the defendant – and will serve to send a message to the defendant that he cannot possess firearms in the future or engage in further criminal activity.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   */s/ Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on October 31, 2022.

By:  */s/ Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney